UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**MURIEL J SIMMONS**,<br><br>Debtor.<br><br>**CHRISTY L BRANDON**,<br><br>Plaintiff.<br><br>-vs-<br><br>**GMAC MORTGAGE LLC**, **MOUNTAIN WEST BANK, N.A.**, **DOUGLAS W. KIKKERT**, **CHERYL KIKKERT**, **KATIE L MCPHERSON**, **MILODRAGOVICH, DALE, STEINBRENNER & NYGREN, P.C.**, and **MURIEL J SIMMONS**,<br><br>Defendants. | Case No. **11-61928-7**<br><br><br><br><br><br>Adv No. **11-00068** |

## MEMORANDUM OF DECISION

At Butte in said District this 24th day of May, 2012.

Pending in this adversary proceeding are: (1) Motion for summary judgment against Count I of Plaintiff's complaint (Docket No. 31) filed by Defendant GMAC Mortgage, LLC ("GMAC"), and objections thereto filed by Plaintiff and by Defendants/cross-claimants Douglas W. Kikkert and Cheryl Kikkert ("Kikkerts"); (2) Plaintiff's motion for summary judgment (Dkt. 37) on all counts of the complaint against GMAC, Mountain West Bank. N.A. ("MWB"), and other defendants, and objections thereto filed by GMAC and MWB. The Court has reviewed both motions, objections, GMAC's reply, statements of facts and issues, and applicable law. For the reasons set forth below GMAC's motion for summary judgment will be granted and Count I

dismissed; and Plaintiff's motion for summary judgment will be denied.

This Court has jurisdiction in this adversary proceeding under 28 U.S.C. § 1334(b) as it arises in and relates to the above-captioned Chapter 7 case. GMAC and MWB admit the Plaintiff's contentions that this is a core proceeding under provisions of 28 U.S.C. § 157(b)(2). This Memorandum includes the Court's findings of fact based on the parties' statements, and conclusions of law.

The Plaintiff/Trustee's complaint seeks in Counts I and II to subordinate, pursuant to the Trustee's powers as a bona fide purchaser ("BFP") under 11 U.S.C. § 544, trust indentures regarding real property executed in favor of GMAC and MWB and treat their claims as unsecured nonpriority claims. Count III seeks judgement against Debtor's claim of homestead exemption in the exempt property under 11 U.S.C. § 551, assuming the Plaintiff prevails under Counts I and II. Count IV seeks declaratory relief as to distribution of proceeds from the sale of the subject property.

## FACTS

GMAC's "Statement of Undisputed Facts" (Dkt. 32) asserts the following uncontroverted facts:

> 1. On September 30, 2011, Defendant Muriel J. Simmons filed her petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Montana. *Complaint*, ¶ 2; *Answer of GMAC Mortgage, LLC*, ¶ 3.

> 2. Plaintiff, Christy L. Brandon, is the duly qualified and acting Chapter 7 Trustee appointed to serve in this case on October 3, 2011. *Complaint*, ¶ 3; *Answer of GMAC Mortgage, LLC*, ¶ 4.

> 3. Defendant GMAC Mortgage, LLC, is a Delaware corporation with its principal place of business at 1100 Virginia Drive, Fort Washington, Montgomery

County, Pennsylvania. *Complaint*, ¶ 4; *Answer of GMAC Mortgage, LLC*, ¶ 5.

4. The following described real property located in Missoula County, Montana is property of the bankruptcy estate:

> Tract 1A-1 of Certificate of Survey No. 5439, located in and being an portion of the N1/2 of Section 27, Township 12 North, Range 17 West, P.M.M., Missoula County, Montana.
>
> Commonly known as: 11055 Silver Street, Clinton, Montana 59825[1].

*Complaint*, ¶ 8; *Answer of GMAC Mortgage, LLC*, ¶ 9.

5. GMAC Mortgage claims a security interest in the subject property by virtue of a document entitled "Deed of Trust" signed by Simmons and recorded May 12, 2008, Doc. 200810680, Book 818, Page 1056, records of Missoula County, and assigned to GMAC Mortgage on September 17, 2009, by a document entitled "Assignment of Trust Indenture" recorded September 25, 2009, Doc. No. 20093419, Book 848, Page 66, records of Missoula County. A true and correct copy of these documents are attached to the Complaint as EXHIBIT A. *Complaint*, ¶ 15; *Answer of GMAC Mortgage, LLC*, ¶ 16.

6. The security interest claimed by GMAC Mortgage purports to cover the entire subject property, which is more than forty acres. *Complaint*, ¶¶ 20-21; *Answer of GMAC Mortgage, LLC*, ¶ 21.

7. Plaintiff contends that GMAC Mortgage's security interest is defective, not authorized by statute, not to be accorded the status of a mortgage, and in violation of Montana public policy, since is [sic] covers acreage in excess of forty acres. *Complaint*, ¶ 24.

8. Plaintiff further contends that under 11 U.S.C. §544, GMAC Mortgage's security interest is subordinate to and unenforceable against Trustee as a bona fide purchaser of the subject property without knowledge of the existence of the indenture upon the subject property and should be treated as a general, unsecured claim. *Complaint*, ¶ 25.

9. GMAC Mortgage contends that its security interest is a valid mortgage under the laws of Montana and superior to any interest of and enforceable against the Trustee. *Answer of GMAC Mortgage, LLC*, p. 5.

---

[1]For brevity the property shall be referred to hereinafter as the "subject property."

The Plaintiff filed a Statement of Genuine Issues (Dkt. 36) which stipulates to GMAC's facts 1 through 9 subject to the following clarification and asserted genuine issues:

I. Trustee stipulates to GMAC Mortgages, LLC's Statement of Undisputed Facts ("GMAC's SOUF")(Doc #32) 1 through 9 subject to the following clarification:

> GMAC SOUF 5 is clarified as follows: GMAC Mortgage claims a security interest in the subject property by virtue of a document titled "DEED OF TRUST - Trust Indenture Under the Small Tract Financing Act of Montana," signed by Simmons and recorded May 12, 2008, Doc. No. 200810680, Book 818, Page 1056, records of Missoula County and assigned to GMAC Mortgage by a document titled "Assignment of Trust Indenture", recorded September 25, 2009, Doc. No. 200923419, Book 848, Page 66, records of Missoula County. A true and correct copy of these documents are attached to the Complaint as EXHIBIT A. *Complaint,* ¶ 15*; Answer of GMAC Mortgage, LLC* ¶16.

II. Trustee submits the following, additional undisputed facts:

10. The subject property is a small ranch located in Clinton along the Clark Fork River and consisting of a single tract of land, approximately 77 acres, with a home, barn, outbuildings, and extra building site. *Complaint,* ¶9.

11. GMAC appointed Charles J. Peterson, Attorney at Law, Mackoff, Kellogg Law Firm as successor trustee under the trust indenture by document titled "Substitution of Trustee" dated September 17, 2009, and recorded September 25, 2009, Doc. No. 200923420, Book 848, Page 67, records of Missoula County.

12. Successor Trustee Peterson signed and recorded a Notice of Trustee's Sale dated September 24, 2009, and recorded September 25, 2009, under Document No. 200923421, Book 848, Page 68, records of Missoula County, Montana, stating, "Beneficiary has elected, and has directed the Trustee to sell the above described property to satisfy the obligation" and setting a nonjudicial trustee's sale for February 1, 2010.

13. Affidavits of mailing, posting and publication were recorded on January 6, 2010, under Document No. 201000329, Book 853, Page 610, records of Missoula County.

14. The attempted non-judicial sale was subsequently cancelled by Cancellation of Notice of Trustee's Sale dated February 9, 2010, recorded February 12, 2010, under Document No. 201002955, Book 855, Page 438, records of Missoula County, Montana.

15. Defendant Muriel J. Simmons waived her homestead exemption in the subject property by Stipulation filed January 14, 2012 (Doc #88), approved by Order filed February 3, 2012 (Doc #102) in the underlying bankruptcy case.

III. Trustee submits the following genuine issues:

16. Plaintiff further contends that under 11 U.S.C. §544, GMAC Mortgage's security interest is subordinate to and unenforceable against Trustee as a subsequent judgment lien creditor on the subject property as of the petition date without notice of the existence of the trust indenture. Complaint, ¶25[2].

Kikkerts filed a statement of genuine issues which combines statements of fact, including facts set forth above regarding the deed of trust transaction and size of the subject property, with Kikkerts' interpretation of GMAC's intent and goal. Kikkerts' statement does not create genuine issues of material fact[3]. Plaintiff filed her own Statement of Uncontroverted Facts (Dkt. 38) in support of her motion for summary judgment, which includes most of the above-quoted facts and issues[4]. In response, both GMAC and MWB filed statements (Dkt. 50 & 52) which stipulate to the Plaintiff's statement of facts, except MWB does not stipulate to paragraphs 20 and 21 of Plaintiff's Statement because MWB contends, correctly, that paragraphs 20 and 21 are presented as contentions of the Plaintiff. Along with the above-quoted paragraph 16 from Dkt. 36, Plaintiff's contentions are not statements of specific facts required under Montana Local Bankruptcy Rule 7056-1(a)(2) which can establish genuine issues of material fact precluding

---

[3]Kikkerts' issue number 3 states that they have a judicial lien that is unaddressed by GMAC's motion for summary judgment. Kikkerts' lien is the subject of their cross-claim, and their motion for summary judgment on their cross claim will be decided in a different memorandum. GMAC was not required to address their judicial lien in its motion.

[4]Plaintiff's statement of facts is not quoted in full to avoid repetition. In addition, the facts in Dkt. 38 which are different than the above-quoted facts relate to the other defendants, and those facts are not material to this decision.

summary judgment in favor of the moving party. Rather than facts, they are simply a rehash of Plaintiff's claims for relief under Counts I and II based on § 544.

## DISCUSSION

**I. Summary Judgment.**

Summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual

dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

Before the Court are counter-motions for summary judgment filed by GMAC and the Plaintiff. Both sides claim that there are no genuine issues of material fact, and that each is entitled to summary judgment as a matter of law. Both sides have adopted each other's statements of uncontroverted facts, except for nonfactual contentions which go to the ultimate legal issues under Counts I and II whether GMAC's and MWB's security interests are subordinate to the Plaintiff as a BFP under § 544(a). Therefore, the Court finds that there is no

genuine issue of material fact.

**II. § 544(a).**

Counts I and II of the complaint are based on Montana's public policy statute that trust indentures under the Small Tract Financing Act of Montana ("STFA") are to be used for estates in real property of not more than 40 acres, found at MONT. CODE ANN. § 71-1-302, and the Plaintiff's powers under § 544(a)(3) as a BFP. Because the subject property securing GMAC's and MWB's trust indentures is greater than 40 acres, the Plaintiff contends their trust indentures are defective, invalid and void under Montana law as stated in *Amsterdam Lumber v. Dyksterhouse* (1978), 179 Mont. 133, 586 P.2d 705, and subordinate to her BFP powers under § 544. The Court notes, however, that a trust indenture under § 71-1-305 "is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property, except to the extent that such laws are inconsistent with the provisions of this part, in which event the provisions of this part shall control."

In *Dyksterhouse*, decided November 8, 1978, the Montana Supreme Court held that a purported trust indenture on a tract which exceeded the then-3 acre limitation of the STFA, was not a statutory trust indenture, nor was it accorded the status of a mortgage because it did not meet the definition required under the STFA. 177 Mont. at 138-39, 586 P.2d at 705. The court further held that the trust indenture became in legal effect an equitable mortgage which was enforced between the parties as an equitable lien, "but the lien of such defective trust indenture is subordinate to the claims of subsequent encumbrancers and of judgment creditors who extended credit subsequent to the date of the instrument, without actual knowledge of the existence of the

indenture." *Dyksterhouse*, 177 Mont. at 140, 143, 586 P.2d at 710, 711.

The Plaintiff contends that *Dyksterhouse* remains good law and that the recorded trust indentures of GMAC and MWB are defective and therefore void because the subject property exceeds the size limit of Montana's STFA. The Plaintiff argues that § 71-1-321, relied on by GMAC and MWB, was not intended to overrule *Dyksterhouse* but was intended to address the validity of common law deeds of trust, as shown by the Legislative History to § 71-1-321. GMAC and MWB contend that § 71-1-321 supercedes and preempts the holding of *Dyksterhouse*, and by its plain terms gives constructive notice to subsequent purchasers and encumbrancers and thereby precludes the Plaintiff from being a BFP.

Section 71-1-321 was enacted in 1979, after the Montana Supreme Court's 1978 decision in *Dyksterhouse*. Accordingly, *Dyksterhouse* provides no guidance to its meaning. Section 71-1-321 provides:

> **Deeds of trust and trust deeds not invalidated.** The Small Tract Financing Act of Montana does not invalidate or preclude the use in this state of instruments, sometimes denominated deeds of trust, trust deeds, *or trust indentures, which are not executed in conformity with this part*, but in which a conveyance for security purposes is made to a trustee or trustees for the benefit of one or more lenders. Such instruments are considered to be mortgages and are subject to all laws relating to mortgages on real property. Every such instrument, recorded as prescribed by law, from the time it is filed for record is constructive notice of its contents to subsequent purchasers and encumbrancers.

(Emphasis added).

This Court finds that the language of § 71-1-321 is unambiguous. It plainly includes deeds of trust and trust indentures which are not executed in conformity with the SFTA, and plainly states that they notwithstanding "are considered to be mortgages" which, from the time

such mortgage is recorded as prescribed by law, is "constructive notice of its contents to subsequent purchasers and encumbrancers." § 71-1-321.

When interpreting Montana statutes, this Court is bound by a statute's plain language if we can glean the intent from the words used in the statute. *State v. Merry*, 2008 MT 288, ¶ 12, 345 Mont. 390, 191 P.3d 428 (citing *Boettcher v. Montana Guar. Fund*, 2007 MT 69, ¶ 19, 336 Mont. 393, 154 P.3d 629). Since the instant case involves both the public policy statute of SFTA at § 71-1-304, upon which the Plaintiff relies to invalidate GMAC's and MWB's trust indentures, and § 71-1-321, "[T]his Court will harmonize two statutes relating to the same subject in order to give effect to both." *Yellowstone Federal Credit Union v. Daniels*, 2008 MT 111,¶ 18, 342 Mont. 451, ¶ 18 , 181 P.3d 595, ¶ 18; *State v. Brendal*, 2009 MT 236, ¶ 18, 351 Mont. 395, 213 P.3d 448 (citing *Oster v. Valley Co.*, 2006 MT 180, ¶ 17, 333 Mont. 76, 140 P.3d 1079).

The uncontroverted facts establish that GMAC's and MWB's recorded trust indentures or deeds of trust exceed the 40 acre limit of the STFA. However, the unambiguous language of § 71-1-321 requires that they be considered mortgages and be constructive notice to subsequent purchasers and encumbrancers from the time they were filed for record. To the extent the holdings of *Dyksterhouse* call for a result different than § 71-1-321, this Court deems the more recently enacted unambiguous terms of § 71-1-321 to be controlling. Furthermore, this Court does not consider the legislative history related to § 71-1-321 offered by the parties. "[T]here is no reason for us to engage in a discussion of the legislative history to construe [a] statute when we have determined that the language of the statute is clear and unambiguous on its face." *State*

*v. Goebel*, 2001 MT 73, ¶ 21, 305 Mont. 53, 31 P.3d 335; *accord Connecticut Natl. Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) ("[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.' " (internal citations omitted)).

Count I and II of the complaint are based on § 544(a) which provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> > (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
> >
> > * * * *
> >
> > (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Plaintiff as Trustee has "strong-arm powers" which include a perfected lien on the real property as a judicial lien creditor under 11 U.S.C. § 544(a)(1), and in addition hypothetical status as a BFP of real property to avoid any transfer of property of the debtor that is voidable by a bona fide purchaser of real property under § 544(a)(3). *Brandt v. Esplanade of Central Montana, Inc., et al. (In re Esplanade of Central Montana, Inc.)*, 19 Mont. B.R. 162, 175-76

(Bankr. D. Mont. 2001); *Robinson v. Nichols*, 16 Mont. B.R. 27, 33-34 (Bankr. D. Mont. 1997).

Section 541(a)(1) allows a trustee in bankruptcy rights as a judicial lien creditor to avoid unperfected interests in real and personal property. *Brandt*, 19 Mont. B.R. at 175; *Richardson v. Nichols*, 16 Mont. B.R. 27, 33 (Bankr. D. Mont. 1997). In Plaintiff's briefs she refers to her rights as judicial lien creditor under § 544(a)(1), in addition to her status as a BFP. However, Count I of the complaint does not cite § 544(a)(1) in paragraph 25, and refers only to the Trustee's rights as a BFP which is found at § 544(a)(3). The Trustee has not amended her complaint to include a claim for relief based on § 544(a)(1). GMAC's and MWB's briefs focus on the Trustee's claim as a BFP under § 544(a)(3), not her rights as a lien creditor which was not pleaded in Counts I and II. The Court sees nothing to indicate that GMAC and MWB have by express or implied consent agreed to consider the Trustee's contentions based on § 544(a)(1), and therefore the Court disregards the Trustee's arguments based on § 544(a)(1) as outside Counts I and II of the complaint[5].

State law determines whether a trustee's status as a BFP will defeat the rights of persons against whom a trustee seeks to assert his or her powers under § 544(a)(3). *Brandt*, 19 Mont. B.R. at 176; *In re Professional Inv. Properties of America*, 955 F.2d 623, 627 (9th Cir. 1992), *cert. denied*, 506 U.S. 818, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992). In Montana, a grant of real property is conclusive, with an exception for a BFP. MONT. CODE ANN. § 70-20-303 provides:

> **Grant conclusive – exception for good faith purchaser.** A grant of an estate in real property is conclusive against the grantor and against every one subsequently claiming under the grantor except a purchaser or encumbrancer who in good faith

---

[5]That omission does not change the result.

and for a valuable consideration acquires a title or lien by an instrument that is duly recorded.

A BFP is:

one who at the time of his purchase advances a new consideration, surrenders some security, or does some other act which leaves him in a worse position if his purchase should be set aside, and purchases in the honest belief that his vendor had a right to sell, without notice, actual or constructive of any adverse rights, claims, interest or equities of others in and to the property sold.

*Brandt*, 19 Mont. B.R. at 176, quoting *Luloff v. Blackburn*, 274 Mont. 64, 69, 906 P.2d 189, 191 (1995) (quoting *Foster v. Winstanley* (1909), 39 Mont. 314, 316, 102 P. 574, 579 (citations omitted)).

Under Montana law, a party who duly records a deed in the appropriate registry prevails against subsequent purchasers or encumbrancers. *See* MONT. CODE ANN. § 70-21-304 ("Every conveyance of real property, other than a lease for a term not exceeding 1 year, is void against any subsequent purchaser or encumbrancer, . . ., of the same property or any part thereof in good faith and for a valuable consideration whose conveyance is first duly recorded."); *U.S. v. Nava*, 404 F.3d 1119, 1129 (9th Cir. 2005) (citing cases). GMAC's and MWB's trust indentures were duly recorded in the appropriate registry.

State law determines a BFP's status. *In re Professional Inv. Properties of America*, 955 F.2d at 628 & n.4. A trustee does not become a hypothetical BFP if he or she has been put on constructive or inquiry notice. *Professional Inv.*, 955 F.2d at 627, citing *In re Marino*, 813 F.2d 1562, 1565 (9th Cir. 1987). The Ninth Circuit elaborated:

*McCannon v. Marston*, 679 F.2d 13, 16 (3rd Cir. 1982) clarified the distinction by noting, "[t]he reference to the trustee's or creditors' knowledge appears to have

> originated out of a concern that actual knowledge might affect the trustee's status as a hypothetical lien creditor." *Id.* at 16. *McCannon* pointed out, however, that "Congress was careful to modify the status of bona fide purchasers by inserting the words 'against whom applicable law permits such transfer to be perfected.'" *Id.* at 17.

*Professional Inv.*, 955 F.2d at 627-28.

The Ninth Circuit, *In re Deuel*, 594 F.3d 1073, 1078 (9th Cir. BAP 2010), wrote that *Professional Inv.* "has no application to a voluntary petition" because *Prof. Inv.* was limited to involuntary petitions that give notice of an interest. That language is not as sweeping as it appears, and the Ninth Circuit in *Deuel* did not discuss or otherwise limit the application of *Marino, McCannon* or other cases discussed in *Professional Inv.*, 955 F.2d at 627-28.

Therefore, under Montana law the Plaintiff cannot be a BFP if she had constructive notice of GMAC's and MWB's recorded trust indentures. As discussed above, the unambiguous language of § 71-1-321 provides that GMAC's and MWB's recorded trust indentures, from the time they were filed for record, are constructive notice of their contents. The result is the Plaintiff cannot be a BFP under Montana law, or under § 544(a)(3) as pleaded in Counts I and II.

Plaintiff moved for summary judgment on all counts. GMAC moved for summary judgment on Count I. Since the Plaintiff cannot be a BFP due to constructive notice of GMAC's recorded trust indenture, GMAC has satisfied its burden and is entitled to summary judgment dismissing Count I. Plaintiff's motion for summary judgment on Count I must therefore be denied. Count II against MWB is otherwise identical to Count I, and therefore Plaintiff's motion for summary judgment on Count II must be denied.

Count III based on § 551 and Count IV seeking a declaratory judgment depend, at least in

part, on Plaintiff succeeding under Counts I and II. Given the dismissal of Count I and denial of Plaintiff's motion for summary judgment on Count II, the Court concludes that Plaintiff has failed to satisfy her burden of proof for summary judgment with respect to Counts III and IV.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above: (1) Denying Plaintiff's motion for summary judgment (Dkt. 37); and (2) granting GMAC's motion for summary judgment (Dkt. 31) and dismissing Count I of Plaintiff's complaint.

BY THE COURT

/s/ Ralph B Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana