**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re<br><br>**MURIEL J SIMMONS**,<br><br>Debtor.<br><hr>**CHRISTY L BRANDON**,<br><br>Plaintiff.<br>-vs-<br><br>**GMAC MORTGAGE LLC**, **MOUNTAIN WEST BANK, N.A.**, **DOUGLAS W. KIKKERT**, **CHERYL KIKKERT**, **KATIE L MCPHERSON**, **MILODRAGOVICH, DALE, STEINBRENNER & NYGREN, P.C.**, and **MURIEL J SIMMONS**,<br><br>Defendants. | Case No. **11-61928-7**<br><br><br><br><br><br>Adv No. **11-00068** |

**MEMORANDUM OF DECISION**

At Butte in said District this 7th day of June, 2012.

Pending in this adversary proceeding is the Motion for Summary Judgment ("Motion") filed by Defendants/cross-claimants Douglas W. Kikkert and Cheryl Kikkert ("Kikkerts") (Docket No. 43) on their cross-claim against Defendants, and objections thereto filed by Defendants GMAC Mortgage LLC ("GMAC") and Mountain West Bank. N.A. ("MWB"). The Court has reviewed the Motion, objections, statements of facts and issues, and applicable law. For the reasons set forth below Kikkerts' motion for summary judgment will be denied.

This Court has jurisdiction in this adversary proceeding under 28 U.S.C. § 1334(b) as it arises in and relates to the above-captioned Chapter 7 case. The parties admit in their pleadings

1

that this adversary proceeding is a core proceeding under provisions of 28 U.S.C. § 157(b)(2). This Memorandum includes the Court's findings of fact based on the parties' statements, and conclusions of law.

Kikkerts' cross-claim against GMAC and MWB asserts that trust indentures held by GMAC and MWB, on real property described in the complaint, exceed the 40-acre limitation for trust indentures under Montana's Small Tract Financing Act ("STFA"), MONT. CODE ANN. § 70-1-304(1), and prays for judgment that the trust indentures therefore are equitable liens which are junior to Kikkerts' judicial lien. A similar issue was pleaded in the Plaintiff/Trustee's complaint in Counts I and II. This Court, by Memorandum of Decision (Dkt. 58) and Order entered on May 24, 2012, denied the Plaintiff's motion for summary judgment and granted GMAC's motion for summary judgment and dismissed Count I, which was based on the Trustee's powers as a bona fide purchaser ("BFP") under 11 U.S.C. § 544[1]. Based on MONT. CODE ANN. §§ 71-1-321, 70-20-303, and 70-20-304, discussed in the Memorandum of Decision (Dkt. 58) at pages 9, 12-13, and 14, this Court summarized at page 14: "[T]he unambiguous language of § 71-1-321 provides that GMAC's and MWB's recorded trust indentures, from the time they were filed for record, are constructive notice of their contents." Under the same statutes and reasoning, Kikkerts' Motion for Summary Judgment will be denied since they obtained their judgment against the Debtor on May 17, 2010, after GMAC's and MWB's trust indentures were recorded.

## FACTS

Kikkerts' "Statement of Uncontroverted Facts" (Dkt. 44) asserts the following uncontroverted facts:

---

[1] The Plaintiff has filed a notice and motion for leave to appeal that decision.

      1. On May 6, 2008 Mountain West Bank took a Deed of Trust, hereafter referred to as the "GMAC Deed of Trust," against property owned by the Debtor described as follows:

      Tract 1A-1 Certificate of Survey No. 5439, located in and being a portion of N ½ of section 27, Township 12 North, Range 20 West, Principal Meridian, Montana, Missoula County, Montana.

Complaint, docket no. 1, para. 15; GMAC Answer, docket no. 18, para. 16. The Deed of Trust is attached hereto as Exhibit Kikkert-A.

      2. The GMAC Deed of Trust secures a $185,000 obligation payable in 30 years. Exhibit Kikkert-A, page 2.

      3. The GMAC Deed of Trust was recorded with the Missoula County Clerk and Recorder on May 12, 2012 [sic][2]. Exhibit Kikkert-A, page 1.

      4. On June 9, 2008, Mountain West Bank took a second Deed of Trust against the same property to secure payment of a line of credit note up to $50,000.00. Complaint, para. 16; Answer of Mountain West Bank, docket no. 13, para. 16. The Deed of Trust is attahced hereto as Exhibit Kikkert-B, page 1.

      5. This Deed of Trust was recorded on June 16, 2008. Exhibit Kikkert-B, page 1.

      6. The GMAC Deed of Trust states in bold letters on the top of the first page that it is a Trust Indenture under the Small Tract Financing Act of Montana. Exhibit Kikkert-A, page 1.

      7. At the top of page 10 the Mountain West Bank Deed of Truste states: "This Deed of Trust is intended to be a trust indenture as provided for in the Small Tract Financing Act of Montana." Exhibit Kikkert-B, page 10.

      8. In late 2009 the Debtor went into default on the GMAC Deed of Trust and GMAC noticed a Trustee's sale under the Small Tract Financing Act for February 1, 2010. Declaration of Edward A. Murphy. Exhibit Kikkert-C.

      9. The sale was cancelled. Declaration of Edward A. Murphy and Notice of Cancellation attached thereto.

---

[2]This date is wrong. Ex. A to Dkt. 44 provides that the deed of trust was recorded on 05-12-2008, not in 2012.

      10. On May 17, 2010, the state District Court entered an order awarding Kikkerts a judgment of $7,302.05 for attorneys fees and costs in connection with this litigation. Declarationof Edward A. Murphy. Exhibit Kikkert-D, page 5.

      11. The land described in the two Deeds of Trust exceeds the 40 acre limitation on property that can be subject to a trust indenture under the Small Tract Financing Act. Complaint, para. 21, which asserts 77 acres; Mountain West Bank Answer, para. 21, which admits the assertion in the complaint; GMAC Statement of Uncontroverted Facts, docket no. 34., para. 6,which appears to concede that the land is more than 40 acres.

GMAC filed a statement of genuine issues (Dkt. 54) which states: "Genuine Issue 1: Wether [sic] the Deed of Trust serving GMAC's interest is superior to any interest of Kikkerts under Montana law." That is followed by four numbered combined legal arguments and contentions, which are not statements of simple fact and do not create genuine issues of material fact. GMAC admits that the subject property is more than 40 acres in size, and that Kikkerts claim a judgment lien against the subject property as of May 17, 2010. Number 5 states that the issue of whether Kikkerts had actual knowledge of GMAC's trust indenture when they obtained their judgment "is not undisputed." The fact of Kikkerts' knowledge thus is disputed, though not necessarily material.

MWB filed a statement of genuine issues (Dkt. 57) which stipulates to Kikkerts' statement of facts, with an "exception of the following clarification" that paragraph 11 relating to the size of property which can be subject to the STFA "misstates the law." Again, this is not a statement of specific fact required under Montana Local Bankruptcy Rule 7056-1(a)(2) which can establish a genuine issue of material fact precluding summary judgment in favor of the moving party. Rather, it is legal argument. MWB repeats GMAC's statement of genuine issue that the Kikkerts had knowledge of MWB's lien when they obtained their judgment.

## DISCUSSION

**I. Summary Judgment.**

Summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits

which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

Kikkerts' Motion alleges that there is no genuine issue of material fact. GMAC and MWB adopt Kikkerts' facts except with respect to legal arguments and whether Kikkerts had knowledge of their recorded trust indentures when they obtained their judgment and judicial lien.

This Court's Memorandum of Decision (Dkt. 58) states at page 13:

> Under Montana law, a party who duly records a deed in the appropriate registry prevails against subsequent purchasers or encumbrancers. *See* MONT. CODE ANN. § 70-21-304 ("Every conveyance of real property, other than a lease for a term not exceeding 1 year, is void against any subsequent purchaser or encumbrancer, . . ., of the same property or any part thereof in good faith and for a valuable consideration whose conveyance is first duly recorded."); *U.S. v. Nava*, 404 F.3d 1119, 1129 (9th Cir. 2005) (citing cases).

In Montana a grant of real property is conclusive, with an exception for a BFP. MONT. CODE ANN. § 70-20-303 provides:

6

> **Grant conclusive – exception for good faith purchaser.** A grant of an estate in real property is conclusive against the grantor and against every one subsequently claiming under the grantor except a purchaser or encumbrancer who in good faith and for a valuable consideration acquires a title or lien by an instrument that is duly recorded.

Kikkerts claim not to have had knowledge of the recording of the trust indentures at the time they obtained their judgment. MWB and GMAC dispute that. The Court notes that Kikkerts allege in their statement of uncontroverted facts that they had no knowledge, but that statement is not supported by an affidavit of the Kikkerts. They filed a declaration of their attorney, but nothing which supports their factual assertion as required by Rule 56(c)(1)(A), Fed. R. Civ. P. (applicable under F.R.B.P. 7056). An affidavit or declaration used to support a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56(c)(4). Given their lack of evidentiary support for their assertion, the Court finds that they have failed to establish absence of a genuine issue of fact. Therefore it is not necessary to take up the issue of whether Kikkerts can deny constructive notice of the recorded trust indentures as judicial lien creditors.

Like the Plaintiff, Kikkerts' brief argues that GMAC's and MWB's trust indentures, which cover more than the 40 acres permitted under the STFA, are invalid and fail under Montana law as stated in *Amsterdam Lumber v. Dyksterhouse* (1978), 179 Mont. 133, 586 P.2d 705. This Court analyzed *Dyksterhouse* and the subsequently-enacted Montana statute § 71-1-321 in Dkt. 58, pages 8-10, where this Court conclude that the unambiguous terms of § 71-1-321 are controlling. Section 71-1-321 provides:

> **Deeds of trust and trust deeds not invalidated.** The Small Tract Financing Act

> of Montana does not invalidate or preclude the use in this state of instruments, sometimes denominated deeds of trust, trust deeds, *or trust indentures, which are not executed in conformity with this part*, but in which a conveyance for security purposes is made to a trustee or trustees for the benefit of one or more lenders. Such instruments are considered to be mortgages and are subject to all laws relating to mortgages on real property. Every such instrument, recorded as prescribed by law, from the time it is filed for record is constructive notice of its contents to subsequent purchasers and encumbrancers.

(Emphasis added).

This Court denied Plaintiff's motion for summary judgment because she could not be a BFP since she had constructive notice of GMAC's and MWB's recorded trust indentures under the unambiguous language of § 71-1-321. Section 71-1-321 likewise considers GMAC's and MWB's recorded trust indentures to be mortgages with respect to subsequent encumbrancers including Kikkerts, who have constructive notice of their contents. Dkt. 58, p. 14.

Kikkerts argue the legislative history supports their interpretation, but this Court does not consider the legislative history related to § 71-1-321. "[T]here is no reason for us to engage in a discussion of the legislative history to construe [a] statute when we have determined that the language of the statute is clear and unambiguous on its face." *State v. Goebel*, 2001 MT 73, ¶ 21, 305 Mont. 53, 31 P.3d 335.

Next, Kikkerts argue that the broad interpretation of § 71-1-321 urged by GMAC and MWB could result in a declaration that § 71-1-321 is unconstitutional. Statutes enjoy a presumption of constitutionality, and a decision on the constitutionality of a statute is subject to plenary review. *Western Tradition Partnership, Inc. v. Attorney General of State*, 2011 MT 328, ¶ 3, 363 Mont. 220, 271 P.3d 1; *City of Billings v. Albert*, 2009 MT 63, ¶ 11, 349 Mont. 400, 203 P.3d 828. Furthermore, this Court's Montana Local Bankruptcy Rule 9005-1(b) requires that

when a state statute's constitutionality is brought into question and the state is not a party, the party raising the constitutionality issue shall comply with Mont. R. Civ. P. 24(d). Kikkerts have not shown compliance with LBR 9005-1 or Rule 24(d)[3], and therefore this Court will not consider their argument about the constitutionality of § 71-1-321.

In sum, Kikkerts' Motion for Summary Judgment on their cross-claim must be denied because the Court concludes that they have has failed to satisfy their burden of proof for summary judgment.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above denying Kikkerts' Motion for Summary Judgment (Dkt. 43).

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

---

[3]Rule 24(d) requires that a party raising the constitutionality of an act to give notice to the Montana attorney general in writing, specify the section to be construed, and give the notice contemporaneously with the filing of the document raising the constitutional issue.